_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-06360-FWS-MAR                                                    Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                           Attorneys Present for Defendants:

Not Present                                                                              Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [27]**

Before the court is Defendants Lonestar West Services, LLC ("Lonestar") and Clean Harbors Environmental Services, Inc.'s ("CHESI") Motion for Summary Judgment on all claims brought against them by Plaintiff Delroy Lino ("Plaintiff"). (Dkt. 27.) The matter is fully briefed. (*See* Dkts. 28-32.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** Defendants' Motion for Summary Judgment.

**I.      Background**[1]

Lonestar provides hydro vac and vacuum truck services across North America. (Dkt. 32-1 ("SUF") No. 1.) CHESI provides a range of services to its customers, including end-to-end

___

[1] Unless otherwise noted, the material facts are undisputed. In its analysis of the Motion, the court makes its determination of what constitutes a disputed fact based on its review of the record, including the evidence supporting Defendants' Separate Statement of Undisputed Facts (Dkts. 27-2; 32-1) and Plaintiff's Statement of Genuine Issues of Material Fact (Dkt. 30). The court's citations to the parties' statements of fact relate to the supporting admissible evidence, rather than how the parties characterize it, and thus the court does not consider objections brought on that basis. *See AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1071 (C.D. Cal. 2015) ("In deciding the motions for summary judgment, the [c]ourt examines the underlying evidence, not the summary statements or . . . compound paragraphs offered in the parties' statements of undisputed facts.") (citation omitted), *aff'd sub nom. AFMS LLC v.*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                        Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

hazardous waste management, emergency spill response, industrial cleaning and maintenance, and recycling services to its customers. (SUF No. 5.) Lonestar is a Nevada limited liability company ("LLC"), whose sole member is CHESI. (SUF No. 7.)

       On or about July 31, 2019, Plaintiff was offered a position of Hydro Vac Operator, reporting to the Technical Services Operations Manager at the Los Angeles, California location. (SUF No. 10.) Plaintiff's offer of employment was contingent upon satisfactory results of a background check. (SUF No. 15.)

       Plaintiff signed a form indicating he read and understood the provided disclosure documents regarding background investigation and investigative consumer reports, as well as a summary of his rights under the Fair Credit Reporting Act. (SUF No. 16.) On August 6, 2019, Plaintiff's background check came back with felony convictions for identity theft and forgery/fictitious check, which are convictions of dishonesty. (SUF No. 17.) Plaintiff was sent a copy of his background check with a Pre-Adverse Action Letter informing Plaintiff's offer of employment may be withdrawn. (SUF No. 18.) Plaintiff was given five business days after receiving the letter to dispute any charges on the report with CSS, the vendor who conducted the background check, but did not do so. (SUF Nos. 19-20; Dkt. 29 ("Lino Decl."), Exh. B.)

       On August 13, 2019, Plaintiff was determined to be ineligible for employment as a Hydro Vac Operator. (SUF No. 21.) The Human Resources Business Partner for Clean Harbors Industrial Services Canada, Inc., who was responsible for Lonestar's Human Resources department during this time, states in her declaration that the decision was made "as [Plaintiff] had two felony convictions involving dishonesty." (Dkt. 27-3, Exh. 1 ("Parsons Decl.") ¶ 18;

---

*United Parcel Serv., Inc.*, 696 F. App'x 293 (9th Cir. 2017); *Bischoff v. Brittain*, 183 F. Supp. 3d 1080, 1084 (E.D. Cal. 2016) ("[T]he court will not consider [] objections aimed at the characterization or purported misstatement of the evidence as represented . . . . The court's decision relies on the evidence submitted rather than how that evidence is characterized in the statements.") (citation omitted); *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) ("[T]he [c]ourt will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented.") (citing *Hanger Prosthetics & Orthotics*, 556 F. Supp. 2d at 1126 n.1 (E.D. Cal. 2008)).

| **CIVIL MINUTES – GENERAL** | 2 |
|---|---|

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                        Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

SUF No. 21.)  Clean Harbor Industrial Services, Inc.'s Director of Human Resources Lindsay Osmond made the decision to terminate Plaintiff's employment based on Plaintiff's unsatisfactory background check.  (SUF Nos. 27-28; Parsons Decl. ¶¶ 22-23.)

     Also on August 13, 2019, Plaintiff received an Adverse Action Letter stating Plaintiff's application for employment was denied "[b]ased in whole or in part on information contained" in Plaintiff's consumer report obtained during the background check.  (SUF No. 22; Lino Decl, Exh. C.)  On August 27, 2019, Plaintiff filed a grievance with his union related to his termination.  (SUF No. 23.)

     Clean Harbors Industrial Services Canada, Inc.'s Human Resources Business Partner submits in her declaration that "[a]n individualized assessment [of Plaintiff] was conducted, which included evaluating the nature of [his] convictions, including the dishonesty convictions and the nature of the job of the Hydro Vac Operator."  (Parsons Decl. ¶ 17; SUF No. 24.)  Based on that assessment, Plaintiff was determined to be ineligible for the position.  (SUF No. 24; Parsons Decl. ¶ 17.)  On October 7, 2019, Plaintiff received a letter stating that "based on the criminal history as it relates to the role of Hydro Vac Operator you are being considered for, we must advise that we cannot offer you employment with Clean Harbors at this time."  (Lino Decl., Exh. E; SUF No. 25.)

     Plaintiff testified that no comments were made related to Plaintiff's race while he worked for Lonestar.  (SUF No. 26; Dkt. 27-3, Exh. 2 ("Naleway Decl."), Exh. B.)  However, Plaintiff states in his declaration that he was "brushed off by [his] fellow employees, who also refused to answer [his] questions and acted coldly towards [him] and with hostility."  (Lino Decl. ¶ 4.)  Plaintiff submits he "performed [his] work diligently and professionally."  (*Id.* ¶ 5.)  Plaintiff was the only African American person that worked at Lonestar's location in Los Angeles on Soto Street.  (*Id.* ¶ 3.)

     Plaintiff claims Defendants discriminated against him based on his race, and that he was terminated because of his race.  (SUF No. 33.)  Plaintiff also asserts that Defendants improperly considered Plaintiff's criminal conviction that was more than seven years old and terminated his employment in violation of Government Code § 12952.  (SUF No. 34.)  Plaintiff further contends that he was retaliated against because he filed a grievance regarding Defendants'

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR　　　　　　　　　　　　　　Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

intent to terminate his employment based on his criminal convictions. (SUF No. 35.) In total, Plaintiff asserts four claims in this action against Lonestar and CHESI: (1) discrimination based on race in violation of California's Fair Employment Housing Act ("FEHA"); (2) discrimination based on criminal history in violation of FEHA; (3) retaliation in violation of FEHA; and (4) failure to prevent discrimination and retaliation.

**II.    Legal Standard**

　　A.　　<u>Motion for Summary Judgment</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact."). The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                  Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp*, 627 F.3d 376, 387 (9th Cir. 2010).(citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR　　　　　　　　　　　　　Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

> from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (cleaned up).

**III.　Discussion**

　　A.　Plaintiff's Claim for Discrimination Based on Race

Plaintiff argues he was terminated because Defendants should have known that his convictions were improperly included on his consumer report per the federal Fair Credit Reporting Act ("FCRA") and California's Investigative Consumer Reporting Agency Act ("ICRAA"),[2] and asserts the evidence supports an inference that Defendants terminated him based on his race instead. (Dkt. 28 at 5-8.) Defendants contend Plaintiff was fired because he did not receive satisfactory results from the background check on which his offer of employment was contingent, and maintain Plaintiff has produced no evidence to demonstrate otherwise. (Dkts. 27 at 7-11; 32 at 5.)

FEHA renders it unlawful for an employer to "discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of that person's "race, . . . color, national origin, [or] ancestry . . . ." Cal. Gov't Code § 12940(a). "Because of the similarity between state and federal employment discrimination laws, California courts look

---

[2] Plaintiff brings no claim under the FCRA or ICRAA against Defendants.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                                           Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

to pertinent federal precedent" when interpreting FEHA. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000). In particular, California courts employ the tripartite *McDonnell Douglas* burden-shifting test to assess disparate treatment claims brought under FEHA. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Under *McDonnell Douglas*, the plaintiff "bears the initial burden of establishing a prima facie case of employment discrimination." *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011) (citing *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007)). If the plaintiff establishes a prima facie case, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* (citing *Noyes*, 488 F.3d at 1168). If the employer "articulates a legitimate reason," the burden shifts back to the plaintiff to "raise a triable issue that the employer's proffered reason is pretext for unlawful discrimination." *Id.* (citing *Noyes*, 488 F.3d at 1168).

Generally, "the plaintiff first bears the burden of establishing a prima facie case, which raises a presumption of discrimination." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017) (citing *Guz*, 24 Cal. 4th at 355). "When an employer moves for summary judgment, however, 'the burden is reversed . . . because the defendant who seeks summary judgment bears the initial burden.'" *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (alteration in original) (quoting *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 224 (1999)). "Thus, [t]o prevail on summary judgment, [the employer is] required to show either that (1) [the] plaintiff could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate [the] plaintiff's employment." *Id.* (alterations in original) (quoting *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1247 (2008)). However, "the ultimate burden of persuasion 'remains with the plaintiff.'" *Merrick*, 867 F.3d at 1146 (quoting *Guz*, 24 Cal. 4th at 356).

To establish a prima facie case of discrimination, "[g]enerally, the plaintiff must provide evidence that (1) [they were] a member of a protected class, (2) [they were] qualified for the position [they] sought or [were] performing competently in the position [they] held, (3) [they] suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Dep't of Corr. & Rehab. v. State Pers. Bd.*, 74 Cal. App. 5th 908, 924 (2022) (quoting *Guz*, 24 Cal. 4th at 355).

**CIVIL MINUTES – GENERAL**                                                                                     7

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR  Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

There is no material dispute that Plaintiff suffered an adverse employment action through his termination, and the parties agree Plaintiff asserts he was discriminated against because of his race. Plaintiff was the only African American employed at Lonestar's Soto Street, Los Angeles location. (Lino Decl. ¶ 3.) Additionally, Plaintiff states in his declaration that he "performed [his] work diligently and professionally," (*id.* ¶ 5), which the record, taken in the light most favorable to Plaintiff as the nonmovant, does not rebut. However, evidence of a discriminatory motive is absent from the record. Plaintiff contends that, "[b]ased on all the facts available to [him] and based on [his] experiences at Lonestar and Clean Harbors, [he] believe[s] that Defendants terminated due to [his] race and because [he is] an African-American." (*Id.* ¶ 10.) But the record does not adequately set forth the facts and experiences supporting that statement, and as such, the court finds this statement too conclusory to create a genuine issue of material fact. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding that the district court properly disregarded declaration that included facts beyond the declarant's personal knowledge which did not indicate how the declarant knew the facts to be true); *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("[A] self-serving declaration does not always create a genuine issue of material fact for summary judgment[;] [t]he district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."); *Lujan*, 497 U.S. at 888 (a party cannot avoid summary judgment solely based on "conclusory allegations [in] an affidavit"). The only concrete evidence to which Plaintiff points is his statement that he was "brushed off by [his] fellow employees, who also refused to answer [his] questions and acted coldly towards [him] and with hostility." (Lino Decl. ¶ 4.) However, Plaintiff testified that no comments were made related to Plaintiff's race while he worked for Lonestar. (SUF No. 26; Naleway Decl., Exh. B.) And, otherwise, there is no evidence of either Defendant treating Plaintiff disparately on account of his race, or that Plaintiff was treated with hostility *because of* his race. Ultimately, the court finds Defendants have carried their burden to demonstrate the element of discriminatory motive is lacking based on the absence of evidence in the record. *See Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1061-62 (S.D. Cal. 2019) (finding plaintiff's arguments insufficient to state prima facie case of discrimination where the evidence did not support a reasonable inference that plaintiff's employer had a discriminatory motive), *aff'd,* 814 F. App'x 194 (9th Cir. 2020); *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("[M]ere allegation

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MARDate: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

and speculation do not create a factual dispute for purposes of summary judgment.") (quoting *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996)).

　　Even if Plaintiff had established a prima facie case of discrimination, the evidence does not rebut the nondiscriminatory reason for his termination offered by Defendants. To demonstrate a legitimate, nondiscriminatory reason for its decision to terminate the plaintiff, the defendant "must show that the procedure by which [the plaintiff] was terminated was validly and fairly devised and administered to serve a legitimate business purpose." *Lucent Techs.*, 642 F.3d at 745-46 (quoting *Hanson*, 74 Cal. App. 4th at 223). An employer's "true reasons" for an employment action "need not necessarily have been wise or correct"; while "the objective soundness of an employer's proferred reasons supports their credibility, the ultimate issue is simply whether the employer acted with a motive to discriminate illegally." *Jefferson v. The Boeing Co.*, 675 F. App'x 672, 674 (9th Cir. 2017) (cleaned up); *accord Guz*, 24 Cal. 4th at 358.

　　Defendants have submitted the declaration of the individual responsible for Lonestar's Human Resources department at the time of Plaintiff's termination, in which she states Plaintiff was fired for having two felony convictions involving dishonesty and in light of the nature of his position as Hydro Vac Operator. (Parsons Decl. ¶¶ 17-18; SUF Nos. 21, 24.) Evidence similarly demonstrates that an employee of Clean Harbor Industrial Services, Inc., made the decision to terminate Plaintiff's employment based on Plaintiff's unsatisfactory background check that found he had two felony convictions. (SUF Nos. 27-28; Parsons Decl. ¶ 24.) As other courts have noted, a termination based on criminal history for a business purpose is a legitimate, non-discriminatory reason. *See Zaman v. Kelly Servs., Inc.*, 2016 WL 5462706, at *5 (N.D. Cal. Sept. 28, 2016) (finding plaintiff's termination as a result of his battery conviction pursuant to company policy of firing employees convicted of crimes involving violence was a legitimate, non-discriminatory reason for termination under FEHA); *Levy v. New York Life Ins. Co.*, 2016 WL 759118, at *3 (N.D. Cal. Feb. 26, 2016) (stating that "having a criminal record is not a protected class under either" Title VII or FEHA) (citing, *inter alia*, Cal. Gov't Code § 12940(a)). Thus, Defendants have produced a nondiscriminatory reason for Plaintiff's termination.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                            Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

      The court finds the record does not support a finding that this reason was pretextual. "A plaintiff may demonstrate pretext in either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Earl*, 658 F.3d at 1112-13. "If a plaintiff uses circumstantial evidence to satisfy this burden, such evidence 'must be specific' and 'substantial.'" *Lucent Techs.*, 642 F.3d at 746 (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)). In this case, however, Plaintiff does not point to evidence in the record supporting a finding that the stated reason for his termination was pretext. Plaintiff's assertions that he "disputes" the legitimate reason for his termination and "contends" he was terminated on account of his race, (*see, e.g.*, SUF Nos. 2-3, 21, 24, 27, 28-31), are insufficient without supporting evidence to create genuine issues of material fact at summary judgment. *See Seaman v. Pyramid Techs., Inc.*, 2011 WL 5508971, at *5 (C.D. Cal. Nov. 7, 2011) (noting "[t]he party opposing a summary judgment motion cannot simply rely on" assertions unsupported by evidence and "expect the [c]ourt to search for facts that may or may not support those conclusory arguments"); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment."). As discussed above, the record does not demonstrate Plaintiff was terminated because of his race, nor does it support a finding that Defendants terminated Plaintiff on account of something other than his criminal history. Accordingly, even if he established a prima facie case of discrimination based on race, Plaintiff has not carried his burden to demonstrate the stated legitimate reason for his termination was pretext. *See Kama v. Wolf*, 2022 WL 18284879, at *10 (C.D. Cal. Dec. 5, 2022) (stating a plaintiff cannot "avoid summary judgment by arguing, in the face of the evidence to the contrary, that the set of events [the plaintiff] alleges 'could conceivably have occurred,' because the mere conceivability of a set of events 'does not give rise to a reasonable inference it did in fact occur'") (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011)).

      Finally, the court finds Plaintiff's assertions that the FCRA and ICRAA support an inference Defendants acted with a discriminatory motive to be inapposite. Plaintiff asserts no claim against Defendants under either statute. Additionally, such claims appear deficient if they were pleaded. Plaintiff's argument under the FCRA appears to be based on the proposition that the statute requires employers to give "the employee or applicant an opportunity to dispute the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR  Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

findings in the background check before that employer proceeds with the adverse employment decision," (*see* Dkt. 28 at 8), but Plaintiff does not dispute that he received both advance notice of an adverse action and that he was notified of his right to contest the findings of his background check at that time, (*see* SUF Nos. 18-20). As for the ICRAA, Plaintiff does not contend that either Defendant is an "investigative consumer reporting agency" to which the statute ordinarily applies. *See Samantha B. v. Aurora Vista Del Mar, LLC*, 77 Cal. App. 5th 85, 101 (2022) (noting the ICRAA "applies only to investigative consumer reporting agencies").

For the reasons set forth above, the court finds there is no genuine issue of material dispute on Plaintiff's claim for discrimination on the basis of race, and judgment as a matter of law in favor of Defendants is appropriate.

B. Plaintiff's Claim for Discrimination Based on Criminal History

Defendants contend Plaintiff was not terminated in violation of California Government Code § 19592(c) because Defendants performed an individualized assessment in compliance with § 19592(c) prior to his termination. (Dkt. 27 at 11-13.) Plaintiff reasserts his arguments that Defendants violated the FCRA and ICRAA, and otherwise contends Defendants did not perform an adequate individualized assessment under § 12952(c). (Dkt. 28 at 8-12.) In rebuttal, Defendants assert that the FCRA and ICRAA are irrelevant, and even if they did apply, Plaintiff does not adequately demonstrate a violation of either statute. (Dkt. 32 at 5-7.)

Under California Government Code § 12952(c), "[a]n employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history shall make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position." Cal. Gov't Code § 12952(c)(1)(A). In making that individualized assessment, "the employer shall consider all of the following: (i) [t]he nature and gravity of the offense or conduct[;] (ii) [t]he time that has passed since the offense or conduct and completion of the sentence [;] [and] (iii) [t]he nature of the job held or sought." *Id.* The employer "may, but is not required to, commit the results of this individualized assessment to writing." *Id.* § 12952(C)(1)(B).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                                              Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

As discussed above, the undisputed evidence demonstrates Plaintiff was terminated based on his criminal conviction. (*See* SUF Nos. 21, 27-28; Parsons Decl. ¶¶ 18, 24.) Defendants have also produced a declaration from the individual in charge of Lonestar's Human Resources at the time Plaintiff was terminated stating that "[a]n individualized assessment [of Plaintiff] was conducted, which included evaluating the nature of [his] convictions, including the dishonesty convictions and the nature of the job of the Hydro Vac Operator," and this assessment formed the basis of the decision to terminate Plaintiff. (Parsons Decl. ¶ 17; SUF No. 24; *see also* Parsons Decl. ¶ 18; SUF No. 21.) Plaintiff asserts he "was terminated from [his] employment despite the fact that a proper individualized assessment had not been performed to determine whether [his] criminal conviction disqualified [him] from the position of Hydro Vac Operator." (Lino Decl. ¶ 9.) However, because no facts in the record indicate Plaintiff has a basis to assert no individualized assessment was performed, the court finds Plaintiff's argument to the contrary in his declaration insufficiently specific and supported to create a genuine dispute as to whether an individualized assessment was performed. *See Villiarimo*, 281 F.3d at 1059 n.5, 1061; *Nigro*, 784 F.3d at 497; *Lujan*, 497 U.S. at 888. As submitted by Defendants, an individualized assessment was performed considering the nature of Plaintiff's position as a Hydro Vac Operator and his convictions in compliance with California Government Code § 12952(c). *See* Cal. Gov't Code § 12952(c)(1)(B). Accordingly, the court finds Plaintiff has not adequately sustained his burden to demonstrate he did not receive an individualized assessment under California Government Code § 12952(c). *See Matsushita*, 475 U.S. at 586 (a party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts") (citations omitted).

To the extent Plaintiff relies on the purported violation of the ICRAA's seven-year limitation on reporting criminal convictions on an individual's consumer report, as discussed above, Plaintiff does not demonstrate that Defendants are entities subject to the ICRAA. And the court is aware of no authority, nor do the parties point to any, that supports holding an entity not covered by the ICRAA liable under California Government Code § 12952(c) for asserted violations of the ICRAA. *Cf. Samantha B.*, 77 Cal. App. 5th at 101. Accordingly, to the extent Plaintiff seeks to extend liability for a violation of the ICRAA to employers covered by California Government Code § 12952(c), the court finds insufficient support in the applicable law to do so. *See Canterberry v. Acara Sols., Inc.*, 2022 WL 317002, at *2 (E.D. Cal. Feb. 2, 2022) (declining to expand California law regarding joint employment to include potential

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR　　　　　　　　　　　　　Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

employers and noting that the "duty of the federal court is to ascertain and apply the existing California law, not to predict that California may change its law and then to apply the federal court's notion of what that change might or ought to be") (quoting *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346-47 (9th Cir. 1974)).

For the reasons set forth above, the court finds there is no genuine issue of material dispute on Plaintiff's claim for discrimination on the basis of his criminal history, and judgment as a matter of law in favor of Defendants is appropriate.

　　C.　　Plaintiff's Claim for Retaliation

Defendants argue Plaintiff's retaliation claim fails because the evidence demonstrates Plaintiff was terminated for legitimate, non-retaliatory reasons, and there is no evidence that this decision was pretext for retaliation. (Dkts. 27 at 13-15; 32 at 7-8.) Plaintiff contends he was engaged in protected activity when he filed the grievance with his union and by making verbal complaints, and that a triable issue of fact exists as to whether his firing was effectuated in retaliation for those activities. (Dkt. 28 at 12-14.)

Under California Government Code § 12940(h), it is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]." Cal. Gov't Code § 12940(h). To assert a prima facie claim for retaliation under FEHA, a plaintiff must plead that: "(1) [they] engaged in 'protected activity,' (2) the employer subjected [them] to an 'adverse employment action,' and (3) there is a 'causal link' between the protected activity and the employer's action." *Hicks v. Netflix, Inc.*, 472 F. Supp. 3d 763, 771 (C.D. Cal. 2020) (quoting *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)) (citations omitted). "California courts also employ the *McDonnell Douglas* burden-shifting framework in analyzing retaliation claims." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1243 (9th Cir. 2013) (citing *Yanowitz*, 36 Cal. 4th at 1028).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR             Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

It is not reasonably disputed that Plaintiff filed a grievance with his union related to his termination two weeks after receiving an adverse action letter,[3] or that filing this grievance was a protected activity. (*See* SUF Nos. 22-23; Lino Decl, Exh. C.) Additionally, it is undisputed that Plaintiff's termination was an adverse employment action. However, as discussed above, even assuming Plaintiff established a prima facie case of retaliation, there is no evidence in the record demonstrating that Plaintiff was terminated for anything other than his criminal history, a reason "facially unrelated to [the] prohibited bias" on which he rests his claim. *See Lawler*, 704 F.3d at 1244 (quoting *Guz*, 24 Cal. 4th at 358). Accordingly, under the *McDonell Douglas* framework, it is Plaintiff's burden to demonstrate that reason was pretext for unlawful discrimination. *Id.* Because, as noted above, there is no evidence in the record demonstrating Plaintiff was terminated for a reason other than his criminal history, the court finds he has not carried that burden. *See, e.g.*, *Zarco v. VWR Int'l, LLC*, 2021 WL 1927528, at *6 (N.D. Cal. May 13, 2021) (finding the plaintiff did not establish defendant's reason for termination was pretext where plaintiff did "not point to any evidence that raises a reasonable inference that he was terminated for any improper motive"); *see also Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (holding circumstantial evidence must be "specific" and "substantial" to establish pretext) (citations omitted).

For the reasons set forth above, the court finds there is no genuine issue of material dispute on Plaintiff's retaliation claim, and judgment as a matter of law in favor of Defendants is appropriate.

       D.       <u>Plaintiff's Failure to Prevent Discrimination and Retaliation Claim</u>

Defendants argue Plaintiff's failure to prevent discrimination and retaliation claim fails because Plaintiff has not demonstrated an underlying violation of FEHA. (Dkts. 27 at 15-16; 32 at 8.) Plaintiff asserts he has set forth sufficient facts to create genuine disputes as to both his

---

[3] Though Plaintiff contends he also verbally complained regarding his termination, (*see* Dkt. 28 at 13 (citing Lino Decl., Exh. C)), this assertion is not explicitly corroborated by the grievance letter cited by Plaintiff, (*see generally* Lino Decl., Exh. C). Whether the evidence supports a finding that Plaintiff made such complaints does not alter the court's analysis.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-06360-FWS-MAR                         Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

FEHA claims and whether Defendants took all reasonable steps to prevent the discrimination and retaliation on which those claims are based. (Dkt. 28 at 14-16.)

     California Government Code § 12940(k) provides that it is unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code § 12940(k). However, "a necessary element of a claim of failure to prevent discrimination from occurring is discrimination." *Mayes v. Kaiser Found. Hosps.*, 917 F. Supp. 2d 1074, 1079 (E.D. Cal. 2013) (citing *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998)). Because the court finds Plaintiff has not raised a genuine dispute of material fact as to any of his discrimination- and retaliation-based claims, the court concludes Plaintiff's claim for "failure to prevent or remedy discrimination or harassment fails in the absence of a viable underlying claim." *See Oliver v. Microsoft Corp.*, 966 F. Supp. 2d 889, 898 (N.D. Cal. 2013) (citing *Trujillo*, 63 Cal. App. 4th at 288-89); *see also Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1315 (2015) (collecting federal court cases granting summary judgment for the defendant on failure-to-prevent claims on the basis summary judgment was granted for the defendant on all the plaintiff's underlying FEHA causes of action).[4]

     For the reasons set forth above, the court finds there is no genuine issue of material dispute on Plaintiff's claim for failure to prevent discrimination and retaliation, and judgment as a matter of law in favor of Defendants is appropriate.

### IV. Disposition

     For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**. Defendants shall file a proposed judgment consistent with this Order **within ten (10) days** of the date of this Order.

---

[4] Because the court finds judgment as a matter of law for Defendants is appropriate on Plaintiff's claims on their merits, the court does not address Defendants' arguments that CHESI cannot be held liable because it is not Plaintiff's employer and that Plaintiff's punitive damages claim fails as a matter of law.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-06360-FWS-MAR                                      Date: February 3, 2023
Title: Delroy Lino v. Clean Harbors Environmental Services, Inc., *et al.*

**IT IS SO ORDERED.**

                                                              Initials of Deputy Clerk:  mku